PER CURIAM:
On November 2, 1985, claimant attended a public auction of the West Virginia Department of Finance and Administration, Surplus Property Division. He bid on a 1976 GMC pickup truck. His bid was accepted, and he paid $725.00 for the vehicle. He drove the truck to his home in Ravenswood on November 13, 1985. subsequently, he determined that the truck had *22 a cracked motor block which he alleges was a defect in the vehicle at the time of purchase. He seeks $1,151.29.
Claimant testified that he is an automobile mechanic. He did not have the opportunity to inspect this vehicle before he bought it. He alleges that respondent attempted to cover the crack in the motor block with epoxy. He used the interstate on the trip back to Ravenswood, and did not experience any problems with the truck. On that day. he changed the oil. In March of 1986 he drove the truck to and from a motor service garage. Other than these two instances, he has moved the truck only to cut the grass. He stated that he did not put the epoxy on the manifold of the truck.
Mr. Roy Headley, Shop Foreman for Motor Service Garage in Ravenswood, testified that he has been a mechanic for twenty-three years. He inspected claimant's vehicle on March 24, 1986 and observed that someone had use epoxy to seal a crack in the motor block. It appeared to Mr. Headley that the epoxy had been placed there to cover up a crack in the block. He estimated that the cost of putting a rebuilt motor in the GMC truck is $976.80. He was unable to state whether the epoxy substance could have been placed on the motor block for a period of more than four months or five months.
George Afflerbach, Director of the Department of Finance and Administration's Surplus Property Division, testified that during the week prior to an auction, the public is given the opportunity to inspect everything that is for sale. He stated that his staff does not repair vehicles unless somebody demonstrates an interest in a particular vehicle and it would help to sell the vehicle. His agency did not make any repairs to the vehicle in question, such as placing epoxy upon the block.
Anthony Nichols, mechanic with the Surplus Property Agency, testified that it is rare for him to do an inspection or repair of the vehicles for the auctions. He estimates that approximately 800 vehicles a year come through Surplus Property for sale. To his knowledge, he has not repaired any cracked blocks in engines on vehicles placed for sale by Surplus Property.
The Court, in good conscience, cannot deny this claim, although there has been no evidence showing that respondent was aware of the crack in the manifold of the vehicle which it sold, a crack was present at the time of sale. To deny this claim, the Court would permit unjust enrichment. The Court is of the opinion to, and hereby, awards the claimant the amount paid for the vehicle, $725.00.
Award of $725.00.